## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DAVID McMACKINS,              *

                                  *

              Plaintiff,      *

v.                               *

                                  *

NANCY A. BERRYHILL, Deputy   *      No. 4:17cv00719-JJV

Commissioner for Operations, performing *

the duties and functions not reserved to the *

Commissioner of Social Security,     *

                                  *

              Defendant.     *

## MEMORANDUM AND ORDER

Plaintiff, David McMackins, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was forty-four years old at the time of the administrative hearing. (Tr. 23.) He testified he earned an associate's degree in school and previously worked as a "draftsman, a foreman." (*Id*.)

The Administrative Law Judge (ALJ)[1] first found Mr. McMackins had not engaged in substantial gainful activity from the alleged onset date of May 25, 2012, through the date he was last insured on December 31, 2014. (Tr. 12.) The ALJ found, "Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments." (*Id*.) Consequently, the ALJ concluded Mr. McMackins was not disabled. (Tr. 15.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues his case should be remanded because the ALJ incorrectly determined he had no "severe" impairment. (Doc. No. 11 at 2-7.) Specifically, Mr. McMackins argues the ALJ failed to acknowledge the severity of his migraines and cluster headaches. (*Id.* at 3-4.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

(2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*,

870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007);

*Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). A non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review of the record, I find the Social Security Administration's decision must

be remanded for further development of the record. Although the Commissioner correctly points

out there are no diagnostic test results to support his claims (Doc. No. 12 at 4), Plaintiff has

routinely sought treatment for his longstanding headaches. (Tr. 292-325, 331-342, 351-374, 390-

427.) He has also been prescribed medication for years. (*Id.*) And while Plaintiff's allegations

are largely subjective, his treating neurologist and headache specialist, Wandal D. Money, M.D.,

reported Mr. McMackins's headaches have been chronic and unresponsive to treatment. (Tr. 284.)

Dr. Money states, "The headaches have been a constant, daily occurrence." The medical evidence

clearly shows Plaintiff's headaches significantly limit his ability to perform basic work activities.

Therefore, this matter should be remanded for further development of the record – namely

evaluating Plaintiff's claim beyond step two of the sequential analysis. I recognize that the

Commissioner may still deny benefits after proper analysis, but proper analysis is required. *Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 2nd day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE